**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JHON SON TJEN; SANTY CHEN, | No. 13-71556 |
| Petitioners, | Agency Nos.   A099-970-726 |
| v. | A099-727-663 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015**

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Jhon Son Tjen and Santy Chen, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal

from an immigration judge's decision denying their applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2007), and we deny the petition for review.

Substantial evidence supports the BIA's finding that petitioners failed to establish the harms they suffered, considered cumulatively, rose to the level of persecution. *See id.* at 1059-60; *see also Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (no past persecution where petitioner was stripped naked, spat upon, and threatened as a student; refused medical care by a clinic; and beaten by a mob of rioters). Substantial evidence further supports the BIA's finding that petitioners failed to show sufficient individualized risk, even under a disfavored group analysis, to establish a well-founded fear of persecution. *See Halim*, 590 F.3d at 979. We reject petitioners' contention that the BIA's analysis was insufficient. Thus, petitioners' asylum claim fails.

Because petitioners have not established eligibility for asylum, they cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT because

petitioners failed to establish it is more likely than not they will be tortured if returned to Indonesia.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**